IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-1758 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| THE HANOVER INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The parties' Motions in Limine are resolved, as follows.

Plaintiff's Motion (**Doc. 27**) to preclude the opinions of Defendant's medical expert, Dr. Levy, is **DENIED**, for essentially the same reasons stated in Defendant's opposition brief (Doc. 36). Plaintiff cherry-picks a single sentence in one of Dr. Levy's reports, indicating that Plaintiff may have suffered soft-tissue injury as a result of the automobile accident. Dr. Levy went on to opine, with a reasonable degree of medical certainty, that Plaintiff's claims of further injury were inconsistent with his findings. Plaintiff has not demonstrated that preclusion is warranted.

Plaintiff's Motion (**Doc. 29**) to preclude evidence regarding injuries she sustained while escaping a house fire in 2010 likewise is **DENIED**. In this case, the extent to which the automobile accident caused injury is a central issue. Plaintiff complained of back pain after the 2010 incident, and evidence of preexisting conditions/injuries is particularly relevant. The Complaint directly alleges, moreover, that Plaintiff suffered "emotional injuries" as a result of the automobile accident. Compl. (Doc. 1) at ¶ 14. Plaintiff cannot properly avoid the

introduction of evidence regarding preexisting mental conditions by purporting, during her deposition, to withdraw her claim for emotional injuries. At bottom, evidence regarding Plaintiff's injuries from the 2010 house fire is probative, and concerns regarding undue prejudice (to Defendant) are greater if the evidence is excluded than permitted.

Finally, Defendant's Motion (Doc. 33) to preclude reference to or evidence regarding insurance is **GRANTED IN PART** and **DENIED IN PART**. The Court rejects Defendant's arguments that insurance should not be referenced, and/or that the tortfeasor (a non-party) should be identified in Defendant's place. The well reasoned analyses in Whitlock v. Allstate Fire & Casualty Insurance Company are adopted and incorporated by reference. *Id.*, 2022 WL 9544315, *1-4 (E.D. Pa. Oct. 13, 2022).

References to policy limits, of the tortfeasor's insurance coverage and Plaintiff's UIM coverage, will be excluded. In these regards, the Court adopts the reasoning in Bickel v. State Farm Mut. Auto. Ins. Co., 2022 WL 7740749, *3-4 (M.D. Pa. Oct. 11, 2022). In short, information regarding the tortfeasor's policy limits (and Defendant's) − and the tortfeasor's insurance settlement − is irrelevant. The introduction of such information also would be prejudicial, in that it would invite the jury to consider "anchor number[s having] no bearing on [Plaintiff's actual] damages." *See id.* at *4 (citation to quoted and other sources omitted).

    IT IS SO ORDERED.

November 15, 2022                              s\Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record